**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

CARLOS ABREU,

        Plaintiff,

   - v -              Civ. No. 9:14-CV-1529
                      (GLS/DJS)

DR. KOOI, *et al.*,

        Defendants.

**APPEARANCES:**           **OF COUNSEL:**

CARLOS ABREU
Plaintiff, *Pro Se*
99-A-3027
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN     KEVIN M. HAYDEN, ESQ.
Attorney General of the State of New York  Assistant Attorney General
Attorney for Defendants
615 Erie Blvd. West, Suite 102
Syracuse, New York 13204

**DANIEL J. STEWART
United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

  *Pro se* Plaintiff Carlos Abreu commenced this action in New York State Supreme Court, Cayuga County, asserting numerous claims against Defendants, who are employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 3, Compl. Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(c)(1)(A). Dkt. No. 1, Notice of Removal. Following initial review, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Plaintiff's sole remaining claims are (1) Eighth Amendment medical indifference claims against

Defendants Kooi, Boyd, O'Connor-Ryerson, Jane Doe, and Graham; and (2) First Amendment Free Exercise and RLUIPA claims against Defendants Graham, Donnolly, Thomas, Green, Gilfus, and John Doe. Dkt. No. 6, Dec. & Order, dated May 11, 2015. Presently before the Court is Defendants' Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c). Dkt. No. 41, Defs.' 12(c) Mot. Defendants' Motion raises a novel issue in the Second Circuit, specifically, whether a district court must dismiss a removed action brought by a prisoner who is proceeding *in forma pauperis* ("IFP") and who has acquired three-strikes for the purposes of 28 U.S.C. § 1915(g). Plaintiff filed a Response in Opposition. Dkt. No. 48, Pl.'s Resp. For the reasons that follow, the Court recommends that Defendants' Motion be **denied**.

## I. BACKGROUND

Pursuant to 28 U.S.C. § 1915(g),

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
> 28 U.S.C. § 1915(g).

Plaintiff is a frequent litigator in the Northern District and has been found in previous decisions and orders to have acquired three strikes for the purposes of 28 U.S.C. § 1915(g). *See Weathers v. Travers*, Civ. No. 9:12-CV-1582 (GLS/RFT), Dkt. No. 63, Dec. & Order, dated Mar. 28, 2013, at pp. 8-9; *Abreu v. United States of America*, Civ. No. 9:11-CV-1104 (LEK/DEP), Dkt. No. 7, Dec. & Order, dated Jan. 3, 2012, at pp. 2-3. Thus, Plaintiff may not bring an action in federal court while proceeding IFP unless it appears that he faced "imminent danger" at the time that he filed the action.

Plaintiff commenced this action in New York State Supreme Court and received "poor person" status from that court. Dkt. No. 1-4. Defendants then removed the action to this Court and paid the $400.00 filing fee. *See* Notice of Removal. In his initial review of Plaintiff's Complaint, conducted pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Honorable Gary L. Sharpe, then-Chief United States District Judge, made note of the issue of "whether a three strikes plaintiff may continue his state court pauper status in federal court when he did not initially bring the action in federal court." Dec. & Order at p. 4 n.6. Judge Sharpe, however, chose not to address the novel issue *sua sponte*, *id.*, and allowed Plaintiff to proceed with the removed action IFP because "[r]emoved proceedings arrive in federal court in the procedural posture they had in state court," *id.* at pp. 3-4.

Plaintiff's claims arise from when he was confined in a special housing unit ("SHU") while incarcerated at Auburn Correctional Facility ("Auburn C.F."). Compl. at ¶ 8. Briefly stated, Plaintiff alleges that he was deprived of prescribed medical items and medications, including orthopedic medical boots, a back brace, and a wrist splint/hand brace for chronic back, ankle, and hand pain; eye glasses; anti-bacterial soaps, lotions, and nasal spray, for skin conditions and allergies; and Ultram Plus for his chronic pain. *Id.* at ¶¶ 9-12, 15-17, & 19. Plaintiff further alleges that he had blood in his stool but was denied a colonoscopy. *Id.* at ¶¶ 9 & 14. As to Plaintiff's Free Exercise and RLUIPA claims, Plaintiff alleges that he was denied a Passover meal in violation of his religious beliefs. *Id.* at ¶¶ 38-39.

## II. LEGAL STANDARD

"The standard for granting a [FED. R. CIV. P.] 12(c) motion for judgment on the pleadings is identical to that of a [FED. R. CIV. P.] 12(b)(6) motion for failure to state a claim." *Patel v.*

*Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual

allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

### III. DISCUSSION

In their Motion, Defendants principally argue that a district court must dismiss a removed action where the prisoner plaintiff has previously acquired three strikes under 28 U.S.C. § 1915(g). Dkt. No. 41-1, Defs.' Mem. of Law at p. 5. Alternatively, Defendants argue that Plaintiff's medical indifference claims are subject to dismissal under the doctrine of *res judicata*. *Id.* Defendants also request that the Court sanction Plaintiff for vexatious filings. *Id.* at p.16.

**A. Whether this Action Must be Dismissed Because Plaintiff has Three Strikes**

The issue for the Court is whether § 1915(g) prevents a prisoner with three strikes from proceeding IFP when the action was removed to, and not originally brought in, federal court. Because Plaintiff has three strikes, it is clear that he cannot "bring a civil action" IFP in federal court, unless he demonstrates "imminent danger of serious physical harm." 28 U.S.C. § 1915(g). Plaintiff, however, did not bring this action in federal court, but instead filed it in state court, where he was granted poor person status. Because Plaintiff's Complaint asserts claims over which the

federal courts have original jurisdiction, Defendants properly removed the action to this Court. 28 U.S.C. §§ 1331 & 1441(c)(1)(A). Defendants now argue that permitting Plaintiff to proceed with this action, after having received poor person status in state court, would circumvent the purposes of § 1915(g). Dkt. No. 41-1, Defs.' Mem. of Law.

While acknowledging "conflicting decisions throughout the country," Defendants cite a number of district court decisions that purportedly hold that the three-strikes rule must be applied to a removed action. *Id.* at pp. 10-12. Defendants urge the Court to follow the reasoning of those decisions and dismiss Plaintiff's action. In *Riggins v. Kuoy*, 2014 WL 3764156 (S.D. Ala. July 30, 2014), the Southern District of Alabama, applying § 1915(g), dismissed a removed action brought by a three-strikes prisoner in state court. The court stated that "not to apply the 'three-strikes' rule to Plaintiff's removed state court action would allow Plaintiff to accomplish an end-run around the 'three-strikes' rule by filing in state court and hoping, perhaps, for removal of his action to this Court, without paying the required filing fee." *Id.* at *2. The magistrate judge in *Bartelli v. Beard*, 2008 WL 4363645 (M.D. Pa. Sept. 24, 2008), relied on similar reasoning in recommending that a removed action be dismissed or remanded under § 1915(g). The magistrate judge stated that

> if Plaintiff was allowed to proceed in federal court with disregard to the three strike rule simply because his Complaint was originally filed, *in forma pauperis*, in state court, and then removed to federal court, he could continue to file, without paying the filing fee, civil rights actions in state court in order to circumvent the three strikes rule which has been applied to him. . . . The implications of permitting the continuous filings of actions in state court to bypass the three strike rule imposed against Plaintiff in federal court would render said rule meaningless and without any teeth.

*Id.* at *6.

Several district courts have adopted the position in *Riggins* and *Bartelli*. *See Harris v. Fla. Dep't of Corrs.*, 2015 WL 1729474, at *3 (N.D. Fla. Apr. 14, 2015); *Crooker v. Global Tel Link*, 2012 WL

651644, at *2 (D.R.I Jan. 6, 2012).[1]

By contrast, other district courts have permitted actions to proceed after removal despite the prisoner's three strike status. *See Johnson v. Rock*, 2014 WL 7410227, at *7 (N.D.N.Y. Dec. 31, 2014); *Howard v. Braddy*, 2013 WL 5461680, at *4 (M.D. Ga. Sept. 30, 2013); *Jae v. Stickman*, 2012 WL 5830633, at *1 (W.D. Pa. Nov. 16, 2012); *Gray v. Cardoza*, 2006 U.S. Dist. LEXIS 43710, at *6 (E.D. Cal. June 27, 2006). These courts have found that § 1915(g) does not apply where the removing defendant paid the filing fee. *Howard v. Braddy*, 2013 WL 5461680, at *4; *Jae v. Stickman*, 2012 WL 5830633, at *1.

The Court is unpersuaded by Defendants' arguments and authority. "Congress enacted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997). To that end, § 1915(g) denies the privilege of proceeding IFP to prisoners who have filed lawsuits that been dismissed as frivolous or malicious on three or more occasions. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3rd Cir. 2001) ("The 'three strikes' rule added by the PLRA supplied a powerful economic incentive not to file frivolous lawsuits or appeals."). "Section 1915(g) . . . does not[, however,] impair any substantive right of the litigant to maintain an action, but merely deprives certain litigants of a privilege that Congress no longer wishes them to enjoy." *McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). Section 1915(g) does not alter the district court's subject-matter jurisdiction. *Lisenby v. Lear*, 674 F.3d 259,

---

[1] In support of their argument, Defendants also cite to several other cases that hold that a removed action that is dismissed as frivolous, malicious, or for failure to state a claim may count as a strike under § 1915(g). *See Green v. Jones*, 2015 WL 9591445, at *3 (N.D. Fla. Nov. 30, 2015); *Kotewa v. Corrs. Corp. of Am.*, 2010 WL 5156031, at *2 (M.D. Tenn. Dec. 14, 2010); *Farnsworth v. Wash. State Dep't of Corrs.*, 2007 WL 1101497, at *1 (W.D. Wash. Apr. 9, 2007).

263 (4th Cir. 2012); *Johnson v. Rock*, 2014 WL 7410227, at *6.

In the first place, the Court notes that nothing in the PLRA restricts a three strikes prisoner from filing an action in state court. The PLRA was intended to address frivolous prisoner lawsuits in federal court and "does not affect the prisoner's right to bring an action in state court." *Nicholas v. Tucker*, 114 F.3d at 19; *see also Abdul-Akbar v. McKelvie*, 239 F.3d at 315 ("Potentially negative consequences in *federal* court, as distinguished from *state* courts, are precisely the consequences intended by Congress."). Thus, the purpose of the PLRA—deterring frivolous prisoner filings in federal court—is simply not implicated by an action filed in state court. Even if removal is foreseeable, a three strikes prisoner who files an action in state court is not thereby "circumventing" the PLRA because the PLRA does not address prisoner filings in state court. Here, Plaintiff properly brought his action in state court, which has concurrent jurisdiction over § 1983 actions. *Haywood v. Drown*, 556 U.S. 729, 731 (2009). Plaintiff sought and was granted poor person status under New York law, which, incidentally, does not have a parallel to the PLRA's three strikes rule. C.P.L.R. § 1101.

Moreover, *Defendants*' decision to remove a properly filed state court action does not warrant dismissal of Plaintiff's action. Plaintiff did not choose to bring this action in federal court. Instead, Defendants, as they are entitled to do, removed the action to this Court and paid the filing fee. Dismissing Plaintiff's action would allow a defendant to effectively end a potentially meritorious action by removing it to federal court. Furthermore, there is no statutory basis to dismiss an action commenced in state court and for which the Defendants have paid the filing fee. Section 1915(g) applies when a prisoner "bring[s] a civil action . . . under [Section 1915]." 28 U.S.C. § 1915(g). Under the plain meaning of the statute, Plaintiff did not bring an action under §

1915. The Court does not agree with the cases cited by Defendants that find "very little difference . . . between an *in forma pauperis* action filed by a prisoner in state court that is removed to federal court, and an action initially filed by the prisoner in federal court." *Harris v. Fla. Dep't of Corrs.*, 2015 WL 1729474, at *4. The clear difference is that § 1915 "does not affect the prisoner's right to bring an action in state court" as a poor person. *Nicholas v. Tucker*, 114 F.3d at 19.

Accordingly, the Court recommends that Defendants' Motion to dismiss this action under § 1915(g) be **denied**.

### B. *Res Judicata*

Defendants next argue that Plaintiff's medical indifference claims are barred under the doctrine of *res judicata*. Defs.' Mem. of Law at pp. 15-16. Defendants assert that Plaintiff made identical claims in *Abreu v. Miccuci*, Civ. No. 9:14-CV-658 (MAD/DEP) (N.D.N.Y. filed June 3, 2014), which were dismissed on the merits. *Id.*

The doctrine of *res judicata* holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). To establish the defense, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at p. 285.

Defendants' argument is easily dismissed because there was no final judgment on the merits in *Abreu v. Miccuci*. In that action, Plaintiff filed an application to proceed IFP, which the district court denied because Plaintiff had accumulated three strikes prior to bringing that action and did not

show that he faced imminent danger. *Abreu v. Miccuci*, Civ. No. 9:14-CV-658, Dkt. No. 10. Plaintiff was granted thirty days to pay the statutory filing fee, to avoid dismissal of the action. *Id.* at p. 12. Plaintiff was subsequently granted two extensions of that period. *Id.*, Dkt. Nos. 13 & 16. On June 10, 2015, Plaintiff filed a notice of dismissal pursuant to FED. R. CIV. P. 41(a). *Id.*, Dkt. No. 19. On July 17, 2015, the district court directed dismissal of the action without prejudice pursuant to FED. R. CIV. P. 41(a). *Id.*, Dkt. No. 20.

Under FED. R. CIV. P. 41(a), a plaintiff may dismiss an action by notice before the opposing party serves either an answer or motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A). A dismissal pursuant to FED. R. CIV. P. 41(a) is without prejudice, "unless the notice or stipulation states otherwise." FED. R. CIV. P. 41(a)(1)(B). A dismissal without prejudice does not operate as an adjudication on the merits and "does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Thus, there was no final judgment on the merits in *Abreu v. Miccuci* because the action was voluntarily dismissed, without prejudice, pursuant to FED. R. CIV. P. 41(a).

Defendants' argument that the district court's order denying Plaintiff's IFP application was a final determination on the merits is unfounded. Defs.' Mem. of Law at pp. 15-16. As stated above, the district court denied Plaintiff's IFP application because he had acquired three strikes and did not qualify for the imminent danger exception. Civ. No. 9:14-CV-658, Dkt. No. 10. Because the district court denied Plaintiff's IFP application, it never considered the sufficiency of Plaintiff's allegations. While a dismissal pursuant to § 1915 for failure to state a claim may preclude a subsequent IFP action, *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002), the action in *Abreu v. Miccuci* was not dismissed pursuant to § 1915, but rather was voluntarily

withdrawn by Plaintiff pursuant to FED. R. CIV. P. 41(a).

Accordingly, the Court recommends that Defendants' Motion to dismiss Plaintiff's medical indifference claims on the basis of *res judicata* be **denied**.

### C. Sanctions

Finally, Defendants request sanctions against Plaintiff for his "vexatious filings." Defs.' Mem. of Law at p. 16. Plaintiff, in turn, requests sanctions against Defendants for making a "material misstatement" that Plaintiff has filed "frivolous" lawsuits. Pl.'s Resp. at pp. 14-15. Having considered the parties' arguments, the Court declines to recommend that either party be sanctioned at this time.

### D. Service on Defendant Green

Plaintiff's Complaint names as a Defendant an individual named "N. Green." Compl. However, to date, Auburn C.F. has been unable to identify an individual by that name and the U.S. Marshals have been unable to effect service on that Defendant. Dkt. No. 40. Plaintiff is advised that under FED. R. CIV. P. 4(c)(1), the plaintiff is responsible for service of the summons and complaint on each defendant within a specified time period. Specifically, the plaintiff must effectuate service of process within 120 days of the filing of the complaint. FED. R. CIV. P. 4(m).[2] Failure to properly serve any defendant in accordance with the Federal Rules will result in the court, upon motion or on its own initiative, dismissing the case without prejudice as to that defendant. *Id*. Plaintiff is advised that in order to pursue his claims against this Defendant, he must take reasonable steps to ascertain his identity. Plaintiff may then file a motion to amend his Complaint to properly name him as a Defendant. If Plaintiff fails to ascertain the identity of this Defendant so as to permit timely

---

[2] Under the Local Rules for the Northern District of New York, a plaintiff must effectuate service within sixty (60) days. N.D.N.Y.L.R. 4.1(b).

service of process, this action will be dismissed as to that individual. Plaintiff shall file a status report with the Court **within forty-five (45) days** of the filing date of this Report-Recommendation and Order indicating what efforts he has undertaken to properly identify this Defendant.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Judgment on the Pleadings (Dkt. No. 41) be **DENIED**; and it is further

**ORDERED**, that **within forty-five (45) days** of the filing date of this Report-Recommendation and Order, Plaintiff shall file a status report with the Court indicating his efforts to properly identify Defendant N. Green; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 4, 2016
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge